**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:16-CV-00851-RJC**

| | | |
|---|---|---|
| **ROBIN E. ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 13); Plaintiff's Memorandum in Support, (Doc. No. 14); Defendant's Motion for Summary Judgment, (Doc. No. 17); and Defendant's Memorandum in Support, (Doc. No. 18); and Plaintiff's Reply, (Doc. No. 19). The motions are ripe for adjudication.

**I.     BACKGROUND**

A. Procedural Background

Robin E. Allen ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of her social security claim. Plaintiff filed an application under Title II and XVI for a period of disability insurance benefits and supplemental security income on November 13, 2012, alleging an onset date of September 1, 2003. (Doc. Nos. 12 to 12-8: Administrative Record ("Tr.") at 14, 119–20). Her applications were denied first on May 14, 2013, and again on June 21, 2013 upon reconsideration. (Id. at 160, 169, 179). Plaintiff filed a timely request for a hearing on July 8, 2013 (Id. at 189), and an administrative hearing was held by an

administrative law judge ("ALJ") for the Social Security Administration on March 3, 2015. (Id. at 14, 33).

Following this hearing, the ALJ found that the Plaintiff was not disabled because she was capable of performing past relevant work as an administrative assistant. (Id. 14–28). The Plaintiff requested a review of the ALJ's decision on July 17, 2015, (Id. at 9), but on October 13, 2015, the Appeals Council issued an unfavorable decision. (Id. at 1–3).

Plaintiff exhausted her administrative remedies and this case is now before the Court for disposition of the parties' cross-motions for summary judgment. Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 13), and Plaintiff's Memorandum in Support, (Doc. No. 14), were filed on May 8, 2017. Defendant's Motion for Summary Judgment, (Doc. No. 17) and Memorandum in Support, (Doc. No. 18), were filed on September 9, 2017. Plaintiff thereafter filed a reply to Response to Defendant's Motion for Summary Judgment on September 19, 2017. (Doc. No. 19).

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i), 223(d). and 1614(a)(3)(A) of the Social Security Act ("SSA"). (Tr. 15). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n5 (1987). Plaintiff alleges that her disability began on September 1, 2003 due to schizophrenia, depression, sciatica, herniated disc in the back, muscle spasms, and arthritis. (Tr. 120).

---

[1] Under the SSA, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Id. at 28). In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 28).

In reaching his decision, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since September 1, 2003, the alleged onset date. (Id. at 17). At the second step, the ALJ found that the Plaintiff had the following severe impairments: "depression; anxiety disorder; borderline personality disorder; schizophrenia; substance abuse; degenerative disc disease with radiculopathy; sciatica; borderline obesity; and, migraine headaches." (Id.). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." (Id.).

Subsequently, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform "light work" as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Id. at 20). The RFC also stated that Plaintiff "can never climb ropes, ladders, and scaffolds, and can occasionally climb ramps an stairs," and that Plaintiff "is limited to simple, routine, and repetitive tasks in a non-production setting [and] can have occasional interaction with the public, supervisors, and coworkers." (Id.). When making this finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence…." (Id.). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id.).

Using the above RFC, the ALJ found at the fourth step that Plaintiff could not perform her past relevant work. (Id. at 26). At the final step, however, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Id. at 27). Upon review, the Appeals Council agreed with the ALJ's final conclusion. (Id. at 1–6).

Plaintiff now appears before this Court, arguing that the ALJ failed to incorporate in Plaintiff's non-exertional limitations her ability to stay on task in light of finding a moderate limitation in concertation, persistence or pace. (Doc. No. 14 at 1). Defendant disagrees and argues that the ALJ's RFC analysis sufficiently accounts for his step-three finding regarding Plaintiff's concentration, persistence or pace. (Doc. No. 18 at 5).

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g) and 1382(c).

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence….").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see

also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome–so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The ALJ limited Plaintiff's RFC to simple, routine, repetitive tasks ("SRRTs") in a non-production setting, and occasional interaction with public, supervisors and coworkers. (Tr. at 20). Relying upon Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), Plaintiff argues that simply adding a limitation of "non-production setting" does not adequately address a moderate limitation in CPP. (Doc. No. 14 at 14). Plaintiff also asserts that the ALJ failed to discuss Plaintiff's ability to stay on task, thus warranting a remand. (Doc. No. 14 at 13).

Defendant argues that the ALJ's limitation of non-production setting accounts for Plaintiff's moderate CPP limitation and sufficiently differentiates this case from Mascio. (Doc. No. 18 at 5). Specifically, Defendant argues that the ALJ "explicitly discussed" Plaintiff's moderate CPP limitation in the following passage of the RFC analysis:

> Due to difficulty concentrating and with memorization, as well as problems with stress related to her depression, anxiety disorder, borderline personality disorder, and schizophrenia, the claimant is limited to simple, routine, repetitive tasks in a non-production setting. Further, her migraine headaches, causing pain that diminishes her concentration, support this limitation. Due to a combination of these impairments, causing social anxiety and paranoia, the claimant can have occasional interaction with the public, supervisors, and coworkers.

(Tr. at 24).

The Court agrees with Defendant. Mascio did not feature a limitation involving non-production settings. Rather, the Fourth Circuit analyzed whether SRRTs adequately addressed a moderate limitation in CPP. The Court held that it did not. "The ability to perform simple tasks differs from the ability to stay on task." Mascio v. Colvin, 780 F.3d at 638. "Only the latter

limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. As such, limiting a claimant's RFC to SRRTs or unskilled work does not *alone* address any moderate limitations in that claimant's concentration, persistence or pace. That is not, however, the situation the Court finds before it here, where the ALJ added an additional limitation: non-production setting.

It is true that many of the district courts in North Carolina—including this Court—have found that additional limitations, such as nonproduction pace, do not sufficiently account for a moderate limitation in concentration, persistence, or pace in light of Mascio. See Kittrell v. Colvin, No. 5:14-cv-163-RJC, 2016 U.S. Dist. LEXIS 33929, at *11 (W.D.N.C. Mar. 16, 2016) (unpublished). [2] It is also true that other courts have found that such limitations do adequately address impairments in concentration, persistence or pace when either supported by the medical record or when added to other limitations, such as a stable work environment. See, e.g. Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015) ("The ALJ accounted for Plaintiff's limitation in pace by restricting her to 'nonproduction pace,' and he accounted for her limitation in concentration and persistence by restricting her to a stable work environment with only occasional public contact.").[3]

---

[2] See also Biddell v. Colvin, No. 1:15-cv-80-MOC, 2016 WL 815300, at *5 (W.D.N.C. Feb. 29, 2016); Weeks v. Colvin, No. 5:14-cv-155-D, 2015 WL 5242927, at *2 (E.D.N.C. Sept. 8, 2015); Jones v. Colvin, No. 4:14-cv-200-RN, 2015 WL 4773542, at *4 (E.D.N.C. Aug. 13, 2015); Hagedorn v. Colvin, No. 2:12-cv-85-RLV, 2015 WL 4410288, at *4 (W.D.N.C. July 20, 2015); Salmon v. Colvin, No. 1:12-cv-1209-LCB, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015).

[3] See also Gordon v. Berryhill, No. 3:16-cv-130, 2017 WL 5759940, 2017 U.S. Dist. LEXIS 195089, at *6–7 (W.D.N.C. Nov. 28, 2017) (unpublished); Jarek v. Colvin, 3:14-CV-620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015) (unpublished) adopted by 2016 WL 626566 (W.D.N.C. Feb. 16, 2016) aff'd by 2017 WL 129024 (4th Cir. Jan. 13, 2017); White v. Colvin, No. 1:14-CV-161-RLV, 2016 WL 1600313 (W.D.N.C. Apr. 21, 2016) (unpublished); Horning v. Colvin, No. 3:14-CV-722-RJC, 2016 WL 1123103 (W.D.N.C. Mar. 21, 2016) (unpublished); Linares v. Colvin, No. 5:14-cv-120-GCM, 2015 U.S. Dist. LEXIS 93291, 2015 WL

Since Mascio, the Fourth Circuit has yet to address the district courts' various interpretations of non-production limitations' effects on moderate limitations of CPP. Sizemore v. Berryhill, 878 F.3d 72 (4th Cir. 2017), seems most relevant. In that case, the ALJ assigned an RFC where the claimant "can work only in [a] low stress [setting] defined as non-production jobs [without any] fast-paced work [and] with no public contact." Sizemore, 878 F.3d at 79. The Fourth Circuit concluded that the medical record "provided substantial support for the ALJ's finding that, despite [the claimant's] overall moderate difficulties with concentration, persistence, or pace, he would nonetheless be able to stay on task while performing 'simple one, two-step tasks,' as long as he was 'working in low stress non-production jobs with no public contact.'" Id. at 81.

In an unpublished opinion in Jarek v. Colvin, the Fourth Circuit affirmed a district court's finding that an ALJ's detailed analysis of medical opinions "provide[d] substantial evidence supporting the RFC limitation to simple, routine, repetitive tasks *not at an assembly line pace*." No. 3:14CV620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015), report and recommendation adopted, No. 314CV00620FDWDSC, 2016 WL 626566 (W.D.N.C. Feb. 16, 2016), aff'd, 672 F. App'x 332 (4th Cir. 2017) (emphasis in original). Combined, the above cases convince this Court that non-production or non-assembly line pace limitations sufficiently account for a claimants' moderate limitation in CPP. Because these limitations directly address a claimant's ability to stay on task, no further explanation is required "at least absent some

---

4389533, at *4 (W.D.N.C. July 17, 2015) (unpublished); but see Hagedorn v. Colvin, No. 2:12CV85-RLV, 2015 WL 4410288, 2015 U.S. Dist. LEXIS 94071, at *10 (W.D.N.C. July 20, 2015) (unpublished) (finding that limiting a claimant to "simple, routine, and repetitive tasks in a low-production work setting with no extensive interaction with co-workers and no public contact, and that the work environment should be low-stress, defined as occasional change in job setting or decision making" accounted for some of the mental limitations found in SSR 96-8p, but nonetheless failed to address a limit in concentration).

evidentiary showing by the claimant (not offered here) that he or she cannot perform even non-production-type work because of his or her particular CPP deficits." Grant v. Colvin, No. 1:15CV00515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016).

Turning to the case at hand, it is clear that the ALJ intended the limitation of a non-production setting to address Plaintiff's moderate limitation of CPP. The ALJ specifically stated that this limitation was supported by her diminished concentration. As Defendant points out, the ALJ stated:

> *Due to difficulty concentrating* and with memorization, as well as problems with stress related to her depression, anxiety disorder, borderline personality disorder, and schizophrenia, *the claimant is limited to simple, routine, repetitive tasks in a non-production setting*. Further, *her migraine headaches, causing pain that diminishes her concentration, support this limitation*.

(Tr. at 24).

Although the ALJ does not explicitly connect pace to this RFC determination, he previously commented that pace was not an issue during Step 3. There, the ALJ mentioned that Plaintiff generally maintained her attention and pace during her hearing. (Tr. at 19). The rest of the ALJ's decision and the medical record further support the contention that Plaintiff's pace did not present considerable problems. It was Plaintiff's concentration that was at issue. The ALJ noted that both Plaintiff and her friend, Dale Coleman, testified as to Plaintiff's limitations in concentration, not necessarily pace. (Id. at 21). The state agency philological consultants—though given partial weight due to the vagueness of their conclusions—found limitations in concentration, not pace. (Id. at 137, 153). Furthermore, Dr. Steinmuller, whom the ALJ gave significant weight, noted Plaintiff's complaint regarding her concentration, but ultimately concluded that she retained the ability to perform simple repetitive tasks. (Id. at 297, 300). The Court therefore concludes that there exists no controversy or conflict in regards to Plaintiff's pace. It was her concentration

that the ALJ and medical professionals took issue with and it was her concentration that the ALJ targeted and assessed specifically.

Plaintiff's remaining arguments are not persuasive. Plaintiff states that Dr. Steinuller's report, which the ALJ gave great weight to, contained inconsistencies with the RFC. (Doc. No. 14 at 21). However, Plaintiff merely lists observations made by Dr. Steinmuller that support a moderate limitation in CPP—limitations that the ALJ ultimately addressed by including "non-production setting" in the RFC. Specifically, Plaintiff points out that the report found that her responses were slow or halting, that she forgot to reverse numbers and had to be instructed to do so, and that she recalled words slowly. (Id.). Withdrawing Plaintiff from fast-paced, production or assembly-like settings would address these types of limitations.

Plaintiff also argues that the ALJ improperly assessed Plaintiff's GAF when he concluded that they were stable. (Id. at 22). Where the ALJ lists the GAF scores as ranging from 51–65, Plaintiff argues that they actually range from 35–65. But, the ALJ clearly indicated why Plaintiffs GAF score of 35 was not included, stating that "[Plaintiff's] GAF score of 35 was given during an episode of decompensation, and is not indicative of her general functioning." (Tr. at 23).

In the face of a non-production setting limitation in Plaintiff's RFC determination, and no evidence presented to undermine that determination, the Court finds that the ALJ's decision is supported by substantial evidence.

IV. **CONCLUSION**

The Court finds that the ALJ's decision was supported by substantial evidence and applied the appropriate law. The limitation to non-production settings sufficiently addresses moderate limitation in concentration, persistence or pace and, in doing so, Plaintiff's ability to stay on task.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 13), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 17), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: March 6, 2018

Robert J. Conrad, Jr.
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants.